THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRED CASSMAN, Defendant-Appellant.

(No. 71-222; ▮▮▮▮▮▮▮▮▮▮▮)

Second District—March 6, 1973.

Edward M. Genson, of Chicago, for appellant.

William R. Ketcham, State's Attorney, of Elgin, (W. Ben Morgan and Leo Wotan, Jr., Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

The defendant, Fred Cassman, was found guilty of theft of property in excess of $150 in value by a jury and sentenced to 5-10 years in the Illinois State Penitentiary. In seeking reversal he has alleged numerous

errors in the trial. We shall consider but one issue in this appeal. The defendant testified in his own behalf and upon cross-examination was queried as to his prior felony conviction or convictions. No proof of such conviction or convictions was offered. We consider this reversible error.

On March 31, 1971, the defendant entered the Eagle Foods in Elgin, Illinois, with another man subsequently identified as George Stiles. The two men went to the record section and Stiles took a box of records, the alleged value of which was in excess of $150. Cassman, in front of the store, told a clerk that he was waiting for his wife. Shortly thereafter, Cassman was apprehended and again told the police he was waiting for his wife and that he had gone inside the store looking for her. He denied knowing Stiles. In the trial, Cassman took the stand and testified in his own behalf stating that he was the owner of a wholesale record distributing company in the greater Chicago area. He further stated that he was in the Elgin area for the purpose of meeting Stiles relative to records but that he had no knowledge of the theft of the records. Upon cross-examination of Cassman the following colloquy took place without objection by defense counsel:

"Q. Have you ever been convicted of a felony?

A. Yes, I have.

Q. In fact, four of 'em, right?

A. One.

Q. Four counts?

A. Just one. Oh, I'm sorry. Yes."

No proof of this conviction or convictions was offered by the State at any time during the trial.

One of the earliest cases dealing with the credibility of a defendant testifying in his own behalf is found in *Bartholomew v. People* (1882), 104 Ill. 601. There, the defendant took the stand and upon cross-examination was asked several times if he had not been in the penitentiary. He said he had not. The State then introduced evidence by the receiving clerk at the Joliet penitentiary that he had seen the defendant in the penitentiary under two judgments of conviction. The receiving clerk read to the jury the mittimi under which the defendant had been received at the penitentiary. The court discussed the then statutory provision removing the disqualification of the defendant as a witness, which in 1874 was virtually identical with the present statutory provision found in Ill. Rev. Stat. 1969, Ch. 38, Sec. 155—1. The court held that a defendant may only be discredited by proper legal proof of his conviction of an infamous crime.

■■ In *People v. Halkens* (1944), 386 Ill. 167, 53 N.E.2d 923, the court

discussed in great detail the various jurisdictions in the United States which do and which do not permit cross-examination of a defendant to show the conviction of a crime and thus affect his credibility. The common law disqualification of an accused as a witness in a criminal proceeding has been removed by statute in Illinois, presently found in Ill. Rev. Stat. 1971, Ch. 38, Sec. 155—1. On the other hand, if the credibility of the testimony of the accused is sought to be impeached by evidence of prior convictions we find that the courts in Illinois, starting with *Bartholomew,* have imposed two restrictions. First, the defendant's credibility may not be challenged by cross-examination of prior convictions. Secondly, evidence of prior convictions is limited to infamous crimes as defined in Ill. Rev. Stat., Ch. 38, Sec. 124—1 and may only be introduced for that purpose by introduction of the record of conviction and identification of the accused as the party convicted. As the Supreme Court stated in *People v. Helm* (1968), 40 Ill.2d 39, 45, 237 N.E.2d 433, 436:

> "It is undisputed that only convictions of infamous crimes may properly be shown for impeachment of criminal defendants in this State."

■■ The rule in this regard is well established in the State of Illinois and perhaps is best said in *People v. Flynn* (1956), 8 Ill.2d 116, 120-121, 133 N.E.2d 257, 259:

> "This court has repeatedly held that it is improper to cross-examine a defendant as to his conviction of a crime. [Citing *Bartholomew* and *Halkens.*] In *People v. Kosearas,* 408 Ill. 179, at page 181, the court stated: 'To repeat what was said in *People vs. Decker,* 310 Ill. 234, there is no question more damaging to a defendant with a jury than one which suggests or intimates that he is a criminal or has been charged with criminal offenses. Such damage is magnified twofold when it is elicited from a defendant on cross-examination and he is compelled to testify against himself.' Defendant's conviction of a prior felony may be shown to affect his credibility by offering the record of his conviction, or an authenticated copy thereof, in evidence (*People v. Halkens,* 386 Ill. 167), and not otherwise."

See also *People v. Bey* (1969), 42 Ill.2d 139, 246 N.E.2d 287.

■■ It is true, counsel for the defendant did not raise any objection to the above questions of the defendant by the State's Attorney; nor did he raise this issue in his motion for a new trial. Nonetheless, the error is of such magnitude that it constitutes plain error that may be considered by this court.

■■ It is self-evident that the case before us falls squarely within the

ruling of the above cited cases. As no evidence of defendant's previous criminal convictions was presented at all in the trial, the conviction herein must be reversed and remanded for a new trial. In view of the fact that this case must be remanded for a new trial, this court will not consider the other allegations of error raised by defendant in his appeal.

Reversed and remanded.

SEIDENFELD and ABRAHAMSON, JJ., concur.