THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANTHONY GRIFFIN, Defendant-Appellant.

Fifth District   No. 80-108

Opinion filed March 9, 1981.

John H. Reid and Brian D. Lewis, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Baricevic, State's Attorney, of Belleville (Martin N. Ashley and Christopher S. Carroll, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PER CURIAM: The defendant, Anthony Griffin, was convicted by a jury in the circuit court of St. Clair County of armed robbery, rape, and aggravated battery. The defendant was sentenced to concurrent terms of imprisonment, eight years each for armed robbery and rape, two years over the minimum for those offenses, and four years for aggravated battery. The only issue on appeal is whether the sentences given defendant should be reduced because the sole reason for imposing sentences in excess of the minimum was to deter others from committing the same crime.

The victim, aged 18, had been attending night school with a girlfriend, Judy Farland. The victim, Judy, and Judy's boyfriend, who is the defendant, then aged 20, got off the school bus. The three appeared to go their separate ways; however, the defendant met up with the victim, pulled a revolver, hit the victim on the face with the revolver and forceably walked her to a shed. At the shed, defendant raped the victim. He then took $10 from her purse and her wristwatch. As the victim was leaving the scene, the defendant started to follow her. As she started to run, she tripped on a railroad track, fell, and cut her head.

Upon imposing the sentences the court stated for the record:
"Now, the reasons for this sentence is that the Court feels that a sentence of this type is necessary so that the offense charged—the sentence is necessary to deter others from committing the same crime. That is enough."

The defendant points out that the sentencing statute (Ill. Rev. Stat. 1979, ch. 38, par. 1005—4—1) requires the judge imposing sentence to consider evidence received at trial, the presentence reports and any evidence offered in aggravation and mitigation. Defendant then presses

that portion of the statute which requires the judge to specify of record the evidence, aggravating factors or any other reasons for imposing sentence. Defendant relies on *People v. Knowles* (1979), 70 Ill. App. 3d 30, 388 N.E.2d 261, where the court vacated a sentence imposed because the sole purpose for imposing a sentence in excess of the minimum was stated by the trial court to be the deterrence of others. Defendant argues that in this case, as in *Knowles*, to make him serve additional years of imprisonment solely for the purpose of deterring others from committing a similar crime cannot be said to be consistent with the ends of justice.

■■ Rape and armed robbery are Class X felonies (Ill. Rev. Stat. 1979, ch. 38, pars. 11—1 and 18—2) which are punishable by a determinate sentence of not less than six years nor more than 30 years (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(a)(3)). Section 5—5—3.2 of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2) sets out certain factors which the court may consider in imposing a more severe sentence under section 5—8—1. Among the factors listed is "the sentence is necessary to deter others from committing the same crime." (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(a)(7).) Therefore, deterrence of others is properly considered in imposing a sentence in excess of the minimum. Defendant argues, however, that deterrence should not be the sole factor used to increase a sentence above the minimum.

■■■ The standard of review of allegedly excessive sentences is whether a trial court exercised its discretion and whether that discretion was abused. (*People v. Kuesis* (1980), 83 Ill. 2d 402, 415 N.E.2d 323.) Our supreme court has recently held that the requirement of section 5—4—1(c) of the Unified Code of Corrections that the trial judge set forth his reasons in the record for the particular sentence imposed does not obligate the judge to recite, and assign value to, each fact presented in evidence at the sentencing hearing. (*People v. Meeks* (1980), 81 Ill. 2d 524, 534, 411 N.E.2d 9, 14.) In the case at bar three crimes were perpetrated against the victim by defendant while he was wielding a gun. She was raped, she was robbed and she was struck on the face with the gun by the defendant and cut about the forehead when she tripped while fleeing from the defendant. The defendant cites *People v. Thomas* (1979), 76 Ill. App. 3d 969, 395 N.E.2d 601, and *People v. Knowles* for the proposition that sentences in excess of the minimum should not be based solely on the factor of deterrence. However, in the case at bar, there were other factors in the record which fully justify the penalties imposed: the harm caused and the threat of serious harm (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(a)(1)), and the egregious conduct in committing three felonies on the victim in a short period of time. Further, defendant has no employment skills, and the court could have found that due to the egregious conduct of defendant and his lack of marketable skills, sentences in excess of the

minimum sentence would comport with the constitutional requirement (Ill. Const. 1970, art. I, §11) that penalties be imposed according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship. Thus, although the trial court recited only one factor, other aggravating factors were obvious in the record and known by the sentencing judge. The record in this case justifies our use of the following from the *Meeks* case:

> "We find that in the present case the trial judge considered the presentence report as required by section 5—4—1 of the Code [citation], that the views of defendant's witnesses were fully presented, and that the trial judge incorporated the information provided in his sentencing decision." *People v. Meeks* (1980), 81 Ill. 2d 524, 534, 411 N.E.2d 9, 14.

We have determined that the *Knowles* case is inapt because of the wide variation in the character and circumstances of the offenses considered in the two cases.

Finally, the statement of the trial court should not be taken literally as expressing the sole factor relied upon by the trial court in imposing a greater-than-minimum sentence. At the conference on jury instructions the court refused to give an instruction on armed violence although defendant was charged with armed violence as well as the offenses of which he now stands convicted. In responding to the State's argument that the armed violence instruction should be given, the court stated:

> "I know the statute allows it. This won't be new for me to overrule the Supreme Court. I do it every day."

For the foregoing reasons the judgment of the circuit court of St. Clair County is affirmed.

Finding that oral argument would be of no assistance to the court in reaching its conclusion and that there is no substantial question presented, we have taken the case under advisement without oral argument pursuant to Supreme Court Rule 352(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 352(a)).

Affirmed.

KASSERMAN, P. J., and HARRISON, J., took no part in the consideration or decision of this case.