(No. 61573.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. WILLIAM FRIESLAND, Appellant.

*Opinion filed November 21, 1985.—Rehearing denied February 4, 1986.*

370

Randy E. Blue, Deputy Defender, and Daniel M. Kirwan, Assistant Defender, of the Office of the State Appellate Defender, of Mount Vernon, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Roma J. Stewart, Solicitor General, and Mark L. Rotert and David E. Bindi, Assistant Attorneys General, of Chicago), for the People.

CHIEF JUSTICE CLARK delivered the opinion of the court:

The defendant, William Friesland, was tried and convicted of burglary in a jury trial in the circuit court of Montgomery County and was sentenced to 10 years' imprisonment. Defendant appealed to the appellate court contesting the fairness of his trial. The appellate court affirmed the circuit court. (130 Ill. App. 3d 595.) We granted the defendant's petition for leave to appeal pursuant to our Rule 315 (87 Ill. 2d R. 315).

Prior to his trial, the defendant filed a discovery motion requesting production of Paul A. Seago's mental health records. Seago, who had pleaded guilty to the burglary for which the defendant was being tried, was

the State's chief witness against the defendant and intended to testify to the details of the burglary of the tool-supply store, the disposal of the stolen items, and the defendant's participation therein. In his motion, defendant alleged that certain medical reports relating to Seago's mental health for the preceding three years were essential to his being able to confront and impeach Seago.

The appellate court held that the defendant's sixth amendment right to confront the witness against him and his right to a fair trial had not been denied by the circuit court's denial of his motion for production of Seago's mental health records. The appellate court based its holding on *People v. Dace* (1983), 114 Ill. App. 3d 908, *aff'd* (1984), 104 Ill. 2d 96. The defendant had cited *Dace* to support his position, but the appellate court found it to be distinguishable. The appellate court, in comparing the instant case to *Dace*, held: (1) that although Seago's testimony was critical, it was not exclusively determinative like the witness' testimony in *Dace;* (2) that unlike in *Dace*, in the instant case there was sufficient corroborative circumstantial evidence of defendant's guilt; and (3) that the jury in the instant case did hear substantial evidence of the witness' mental health problems which tended to weaken his credibility, which had not been true in *Dace*. The appellate court also held that there was nothing which tended to establish that the records sought would be relevant or helpful to defendant's case.

The defendant raises two issues on appeal in this court. The first issue is whether his right to confront the witness against him was denied because of the circuit court's denial of his motion to discover witness Seago's mental health records. The second issue, which is dependent on the disposition of the first issue, is whether the appellate court misinterpreted the harmless error doc-

trine by failing to require that the State demonstrate that the restriction of the defendant's right to confrontation was harmless beyond a reasonable doubt. In response, the State contends that the defendant waived any claim of error regarding the trial court's denial of his motion for production of Seago's mental health records because he failed to include this alleged error in his written post-trial motion, but that even if the issue was not waived, the motion was properly denied because the defendant failed to make a sufficient showing that Seago's mental health records would have been material for impeachment purposes.

The first issue which we must necessarily address is the State's contention that the defendant has waived the alleged error as to the mental health records by not asserting it in his written post-trial motion for a new trial. We believe that he has.

Where grounds for a new trial *are stated in writing,* failure to raise an issue in the written motion for a new trial constitutes a waiver of that issue and it cannot be urged as a ground for reversal on review, even if it involves a constitutional right. See *People v. Caballero* (1984), 102 Ill. 2d 23, 31; *People v. Beasley* (1982), 109 Ill. App. 3d 446, 449; *People v. Watson* (1982), 107 Ill. App. 3d 691, 695; *People v. Black* (1982), 107 Ill. App. 3d 591, 593; *People v. Ortiz* (1980), 91 Ill. App. 3d 466, 476; *People v. Agee* (1980), 85 Ill. App. 3d 74, 84; *People v. Wilkins* (1980), 83 Ill. App. 3d 41, 44; *People v. Spaulding* (1979), 68 Ill. App. 3d 663, 678; *People v. Witted* (1979), 79 Ill. App. 3d 156, 161; *People v. Logan* (1979), 78 Ill. App. 3d 646, 647; *People v. Bach* (1979), 74 Ill. App. 3d 893, 896; *People v. Tate* (1978), 64 Ill. App. 3d 1, 12; *People v. Marshall* (1977), 50 Ill. App. 3d 615, 623.

Exceptions to this rule have been made with regard to the failure to prove a material allegation of an indict-

ment (*People v. Walker* (1955), 7 Ill. 2d 158, 160), or in those instances in which the allegation of error would not normally be expected to be included in the post-trial motion (such as an allegation of ineffective assistance of counsel) (*People v. Pendleton* (1977), 52 Ill. App. 3d 241, 245), or if a reviewing court elects to take notice of plain errors affecting substantial rights pursuant to our Rule 615(a) (87 Ill. 2d R. 615(a)). See *People v. Pickett* (1973), 54 Ill. 2d 280, 282-83.

We do not believe that this case falls into any of the above enumerated exceptions. First, this appeal does not involve a failure to prove a material allegation of an indictment. Second, the alleged error is one that should have properly been raised in the written post-trial motion. And finally, although our Rule 615(a) provides an exception to the waiver rule where there has been plain error (87 Ill. 2d R. 615(a)), it "do[es] not operate in the nature of a general saving clause preserving for review all errors affecting substantial rights whether or not they have been brought to the attention of the trial court." *People v. Black* (1982), 107 Ill. App. 3d 591, 593.

Although "[t]he doctrine of plain error may be invoked in criminal cases where the evidence is closely balanced or where the error is of such magnitude that the accused is denied a fair trial" (*People v. Black* (1982), 107 Ill. App. 3d 591, 593), we do not believe that we should apply the doctrine in this case. The reasons we believe that the doctrine should not be applied are: (1) because it is speculative whether what is contained in this witness' privileged mental health records (Ill. Rev. Stat. 1981, ch. 91½, par. 810) *may* be helpful to defendant's case (especially in light of the fact that the jury already heard evidence of the witness' mental health problems); and (2) because we do not believe that the evidence in this case is closely balanced or that the alleged error is of such a magnitude that the defendant

was denied a fair trial. Therefore, we see no justification for dispensing with the general waiver rule under these facts.

This court has stated that "[b]efore plain error can be considered as a means of circumventing the general waiver rule, it must be plainly apparent from the record that an error affecting substantial rights was committed." (*People v. Precup* (1978), 73 Ill. 2d 7, 17.) We do not believe that denial of the defendant's motion for production of this witness' privileged mental health records is a plainly apparent error affecting substantial rights.

In referring to the rule requiring inclusion of all alleged errors in the written post-trial motion, this court has stated:

> "The purpose of this rule is apparent. Requiring defendant's written motion for a new trial to specify the errors allegedly entitling him to a new trial may save the delay and expense inherent in an appeal in those instances where the motion is meritorious. Additionally, it focuses the attention of the trial judge upon those aspects of the proceedings of which the defendant complains, and gives to the reviewing court the benefit of the judgment and observations of the trial court with reference thereto." *People v. Irwin* (1965), 32 Ill. 2d 441, 443-44.

If the issue regarding the mental health records had been properly raised in this case in the written post-trial motion the judge would have had the opportunity to determine whether it was meritorious, possibly entitling the defendant to a new trial without the delay and expense inherent in this appeal. Also, the attention of the trial court could have properly been focused on this issue so that the appellate court and this court may have received the benefit of the judgment and observations of the trial court in reference thereto. To allow review of this issue in this case would defeat the purposes of the waiver rule and permit the evil which was sought to be

remedied to occur.

During the hearing on the post-trial motion, defense counsel stated:

> "Your Honor, I would stand on what is contained in the motion. I have set out, as the Court can see, over 20 reasons why I believe Mr. Friesland, why Mr. William D. Friesland is entitled to a new trial in this cause."

Then later in her oral argument, counsel stated:

> "And finally, we argue that there was one pretrial motion that was made that the State should help us out *** by provid[ing] us [with] evidence of Mr. Seago's mental condition, and that motion was also denied pretrial by the Court."

Defendant now argues in his brief that since the State did not object to the above-mentioned statement of defense counsel regarding the mental health records, the requirement that the issue be included in the written post-trial motion for a new trial was waived. Defendant's argument is without merit. The cases cited by the defendant for that proposition, *People v. Caballero* (1984), 102 Ill. 2d 23, *People v. Flynn* (1956), 8 Ill. 2d 116, *People v. Yates* (1983), 98 Ill. 2d 502, and *People v. Pearson* (1981), 88 Ill. 2d 210, are all cases where there was never any *written* post-trial motion for a new trial but a general oral motion for a new trial to which the State did not object. Therefore, the holdings in those cases are not dispositive of the instant case.

Although the result in this case may be viewed by some as harsh, it is consistent with the established waiver rule. It has been stated:

> "A defendant's right to appeal does not amount to a right to an unlimited review or to a trial *de novo* in a reviewing court. Appellate review is generally restricted to what has been properly presented and preserved of record in the trial court. And a defendant's right to appeal must be exercised within the procedural framework established by law. (*People v. Nordstrom*, 37 Ill. 2d 270, 226

N.E.2d 19.) The waiver rule, as other like rules of procedure, finds its justification upon the interest of a fair, orderly and expeditious administration of justice. Therefore, we find nothing invalid or unconstitutional in the proper enforcement of the rule." *People v. Harrawood* (1978), 66 Ill. App. 3d 163, 168.

Due to the disposition of the waiver issue we will not address the issues raised by defendant. For all the foregoing reasons, the judgment of the appellate court is affirmed.

*Judgment affirmed.*