THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CRAIG COOPER, Defendant-Appellant.

Fifth District   No. 5—87—0800

Opinion filed September 28, 1989.

Daniel M. Kirwan and Dan W. Evers, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Ellen Eder Irish, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOWERTON delivered the opinion of the court:

We affirm defendant's conviction by jury for armed robbery.

Defendant raises two issues. He claims first that the circuit court erroneously allowed the introduction of hearsay. He claims second that the circuit court erred in allowing substantive use of an out-of-court statement made by a witness under section 115—10.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 115—10.1).

■ A witness testified that defendant's coconspirator told him that he and defendant had "stuck up" the victim. Defendant is correct in categorizing this evidence as hearsay. However, the error is waived. Defendant did not object at the time the evidence was offered and did not address the error in his post-trial motion. *People v. Volkmar* (1989), 183 Ill. App. 3d 149, 538 N.E.2d 1255.

■ Defendant's second claim was not waived. A prosecution witness' signed, out-of-court statement was used by the prosecution not only to impeach the witness but as substantive evidence of the assertions contained therein. Defendant argues that the trial court erred in allowing the use of that statement as substantive evidence, but contests the substantive use of only part of the statement. Defendant says it was error to allow substantive use of that part of the statement that read, "Craig Cooper and Walter Eden told me they had just robbed Travis Vaughn."

Section 115—10.1 of the Code of Criminal Procedure of 1963 provides:

> "In all criminal cases, evidence of a statement made by a witness is not made inadmissible by the hearsay rule if
>
> (a) the statement is inconsistent with his testimony at the hearing or trial, and
>
> (b) the witness is subject to cross-examination concerning the statement, and
>
> (c) the statement
>    ***
>
> (2) narrates, describes, or explains an event or condition of which the witness had personal knowledge, and
>
>   (A) the statement is proved to have been written or signed by the witness ***." Ill. Rev. Stat. 1987, ch. 38, par. 115—10.1.

At issue is the meaning of "personal knowledge" as used in subsection (c)(2). We hold that the personal knowledge required by the statute is not that which is acquired by being told something, even if an admission; rather, it means "the witness whose prior inconsistent statement is being offered into evidence must actually have seen the events which are the subject of that statement." See Steigmann, *Prior Inconsistent Statements as Substantive Evidence in Illinois*, 72 Ill. B.J. 638, 640 (1984); see also Graham, *Employing Inconsistent Statements for Impeachment & as Substantive Evidence: A Critical Review & Proposed Amendments of Federal Rules of Evidence, 801(d)(1)(A), 613 & 607*, 75 Mich. L. Rev. 1565, 1584-85 (1977).

In the case at hand, the witness' statement that "Craig Cooper and Walter Eden told me they had just robbed Travis Vaughn" was based on knowledge he gained by being told that by a coconspirator, not from his perception of the robbery itself. Substantive use of that portion of the statement was error.

We reject, however, defendant's claim that the error requires reversal. The standard for determining whether error is harmless or reversible is whether it is harmless beyond a reasonable doubt. (*People v. Bascomb* (1979), 74 Ill. App. 3d 392, 392 N.E.2d 1130.) Error may be harmless because the error itself is inconsequential or, if the error is of a more serious nature, it may be deemed harmless when balanced against the strength of the State's evidence. (*People v. Glover-El* (1981), 102 Ill. App. 3d 535, 430 N.E.2d 147.) Here, defendant gave a confession, the validity of which is not an issue in this appeal. Therefore, we hold that the error was harmless.

Defendant's conviction is affirmed.

Affirmed.

WELCH, P.J., and CHAPMAN, J., concur.