THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LAVERN HEIDELBERG, Defendant-Appellant.

Fifth District   No. 5—88—0475

Opinion filed November 8, 1989.

Daniel M. Kirwan and Michelle A. Zalisko, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Ellen Eder Irish, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOWERTON delivered the opinion of the court:

Defendant was convicted in a bench trial of criminally sexually assaulting his stepdaughter, LeVita, in violation of section 12—13(a)(3) of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 12—13(a)(3)).

LeVita testified that she had sexual intercourse with defendant in mid-June 1987. She also testified that she had had sexual contact with defendant since she was nine years old and sexual intercourse with him on a regular basis since she was 11. She testified that defendant had promised not to "mess with" LeVita's younger sister as long as LeVita told no one about their sexual relationship.

Defendant confessed, and his signed written statement was admitted into evidence. The statement said in part:

"Mr. Heidelberg stated that he did have sex with his step daughter LaVitta [sic] age 16. *** He stated that he was in the bed and that she came in and layed [sic] on the floor next to the bed. The Juvenile then took off her cloth [sic] and got in the bed with him. Mr. Heidelberg stated that he became weak and had sex with her."

Defendant, sentenced to nine years in the Department of Corrections, appeals. We affirm.

■ Defendant first argues that the criminal sexual assault statute is unconstitutional because criminal sexual assault, which is punished as a Class 1 felony, requires no mental state while the less culpable offense of criminal sexual abuse, which is punished as a Class A misdemeanor, requires an intentional or knowing touching done for purposes of sexual gratification or arousal. (See Ill. Rev. Stat. 1987, ch. 38, pars. 12—12(e), (f).) In support of his argument, defendant relies on People v. Wick (1985), 107 Ill. 2d 62, 65, 481 N.E.2d 676, 678, wherein the supreme court of Illinois found that the aggravated arson statute was constitutionally infirm because aggravated arson,

which is punished as a Class X felony, required a "lesser degree of malice or unlawful purpose" than simple arson, which is punished as a Class 2 felony.

Defendant's argument, however, has been fully discussed and rejected by the Illinois Supreme Court. (*People v. Terrell* (1989), 132 Ill. 2d 178.) Accordingly, we follow the analysis in *Terrell* and hold that a mental state of either intent or knowledge will be implied for offenses involving sexual penetration and that the statute, therefore, does not punish innocent conduct or set up an unconstitutional anomaly between the lesser and greater offenses. *People v. Terrell* (1989), 132 Ill. 2d 178, 210.

Defendant next argues that the circuit court erred in admitting hearsay from Roberta Heidelberg, LeVita's mother and defendant's wife, and from Dr. Susan Heney, LeVita's examining physician, as to what LeVita told them about sex between defendant and her.

Roberta's testimony is examined first. The record is:

"Q. Did you happen to have a conversation with your daughter LeVita about her acts that happened between your husband and her?

MR. TRENTMAN: Your Honor, I'm going to object to the form of the question, where he's asking—in essence he's asking the content of that hearsay conversation.

MR. HATCH: I'm not asking for the content. I'm just asking if she had a conversation.

THE COURT: Overruled. You may answer."

■ The State seems to believe that because the question is styled as one asking only if there was a conversation, the hearsay rule is avoided. That belief is erroneous. Roberta answered by saying she had talked with LeVita; as soon as she said she had, the State's Attorney then asked if she confronted defendant with those allegations; she said she had, and defendant had made an admission. So, the operative words were: *conversation* with LeVita *concerning those acts*; *conversation* with defendant *about those allegations*; and *defendant* made an *admission* that he had had sex with LeVita. In this context, the question taken with the answers show that the State intended this testimony as an assertion. (See Fed. R. Evid. 801(a).) In this context, what LeVita told her mother was not veiled with even a "see through" cloak. What she told her mother, although unspoken, thundered to the judge, gathering volume as his imagination was set in motion. That the judge took it as an assertion is clear, because he found that "there is corroboration of the testimony of the complaining witness in the form of the statements made by the victim to her

mother." Therefore, we treat the question as one that called for a hearsay answer, and we treat it as if what was suggested, subliminally and powerfully, had been spoken, that is, as if Roberta had testified that LeVita told her she had been having sex with defendant.

LeVita told her mother, Roberta, that she had been having sex with defendant; she told Roberta this one month after the sex act. Roberta testified to what LeVita had told her. Defendant argues the testimony was hearsay, not qualifying as either a spontaneous declaration or prompt complaint of rape, because enough time had passed between the act and LeVita's declaration that a court could not find absence of motive to fabricate.

Defendant ignores three points.

■■ ■ First, Roberta went on to testify that she immediately confronted defendant. Her testimony is so salient, so startling, that it most assuredly deserves reproduction here. She said:

"Q. Okay. And after you had that conversation with your daughter, did you have a conversation with the defendant about those allegations?

A. Yes.

Q. Okay. What did your husband say when you confronted him?

A. When I confronted him, he told me that [he] hadn't been messing with my youngest daughter because he was too busy messing with my oldest daughter."

LeVita is the oldest daughter.

Roberta was turned over to defendant for cross-examination.

The very first, *the very first*, question to her on cross was:

"Q. Mrs. Heidelberg, to the best of your recollection, those were his exact words?"

She answered, "Yes."

Defendant not only failed to object to Roberta's testifying to LeVita's declaration to her, but cross-examined on it. Where a defendant fails to object to testimony and elicits the same or similar testimony on cross-examination, any error in admitting the testimony is waived. *People v. Douglas* (1989), 183 Ill. App. 3d 241, 257, 538 N.E.2d 1335, 1346.

Furthermore, there is nothing in defendant's post-trial motion regarding Roberta Heidelberg's testimony. Therefore, it is waived. *People v. Volkmar* (1989), 183 Ill. App. 3d 149, 538 N.E.2d 1255.

Second, had there been error in admitting Roberta's testimony relating LeVita's declaration to her, it is harmless in light of defendant's admission of guilt to Roberta.

Third, defendant ignores his own written, signed confession; that confession, in this case, renders harmless the admission of hearsay. See *People v. Cooper* (1989), 188 Ill. App. 3d 971.

■ As to defendant's complaint that Dr. Heney was allowed to testify to hearsay, we here reproduce the record. Dr. Heney testified on direct:

"Q. Okay. Now going back then to LeVita Williams on September 21st of last year, what was the purpose of your examination, physical examination?

A. She presented to the sexual abuse clinic with the Division of Family Services worker. She complained—her immediate complaint was that she had been sexually abused over a long period of time by her stepfather, beginning at about age 9 or 10.

MR. TRENTMAN: Your Honor, I'll object to this as being hearsay.

MR. HATCH: I'll try to steer away from what the child told her.

THE COURT: Okay."

The defendant's objection was neither sustained nor overruled and no further comment was made concerning the content of LeVita's complaint. Defendant failed to include the issue of improper corroborating testimony in his post-trial motion. The issue is waived. *People v. Volkmar* (1989), 183 Ill. App. 3d 149, 538 N.E.2d 1255; *People v. Friesland* (1985), 109 Ill. 2d 369, 488 N.E.2d 261.

The circuit court is affirmed.

Affirmed.

HARRISON and GOLDENHERSH, JJ., concur.