THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MAURICE E. DEPPER, Defendant-Appellant.

Fourth District   No. 4—93—0004

Opinion filed February 3, 1994.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Richard J. Ringhausen, State's Attorney, of Jerseyville (Norbert J. Goetten, Robert J. Biderman, and Denise M. Ambrose, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

The defendant, Maurice E. Depper, was charged by information in the circuit court of Jersey County with obstructing justice (Ill. Rev. Stat. 1991, ch. 38, par. 31—4(a)), resisting a peace officer (Ill. Rev. Stat. 1991, ch. 38, par. 31—1), and driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1991, ch. 95$^1$/2, par. 11—501(a)(2)), and careless driving, a Jerseyville city ordinance violation. Following a jury trial, defendant was found guilty of DUI and resisting a peace officer. Defendant received concurrent sentences of 364 days' imprisonment for resisting a peace officer and two years' probation for DUI. On appeal, defendant argues (1) he was not proved guilty of DUI beyond a reasonable doubt; (2) he was not proved guilty of resisting a peace officer; (3) the State committed reversible error in cross-examining him on his prior convictions; and (4) the prosecutor's comments in closing argument deprived him of a fair trial. We agree error occurred when defendant was cross-examined as to his prior convictions and reverse and remand for a new trial.

## I. FACTS

We need only briefly summarize the evidence. On August 7, 1992, the defendant was observed driving by a Jerseyville police officer. The defendant's vehicle turned in front of an oncoming car, almost causing an accident, and then drove away weaving in his lane. The officer pulled him over and noted the defendant smelled of alcohol, and had slurred speech and blood-shot eyes. He was also unsteady on his feet. The officer discovered an empty can and an empty bottle of beer in the car as well as two closed bottles and two closed cans. He also found a cool, open beer bottle containing two inches of liquid. Defendant refused to take field sobriety tests and was placed under arrest for DUI.

Defendant whirled about before being handcuffed. The officer called for back-up, and defendant started to walk away. The officer then blocked his path. Defendant became argumentative, tried to reenter his vehicle and hurled the open bottle of beer containing liquid onto the pavement. Other officers arrived at the scene and defendant was handcuffed and transported. He kicked out at one officer on arrival at the sheriff's office and was again uncooperative. Later that evening defendant refused a breathalyzer.

Several days later defendant admitted to the arresting officer he

had some beers on the day of the incident, and stated he did not know what had happened but it must have been a combination of alcohol and pain medication he was taking for a back injury.

Defendant called several witnesses, including himself, to show he had been released from Logan Correctional Center (Logan) on the day of the incident, and from early afternoon until his arrest he had only four or five beers, and did not appear intoxicated. Defendant was taking both Tylenol 3 and Indocin for the pain from a back condition, and both drugs had been prescribed for him at Logan. Shortly before he was stopped by police, he felt nauseous and dizzy. Defendant's theory of the case was the combination of alcohol and medication caused his appearance and dizziness. He offered the testimony of a pharmacist who opined that based on the information as to defendant's food intake, sleep, height and weight, alcohol consumption and his prescription drug intake, defendant would not have been intoxicated from alcohol but could have appeared intoxicated with the combination of the alcohol and the Indocin and Tylenol.

## II. ANALYSIS

■ Defendant's contention the State committed reversible error on cross-examination is dispositive of the case. The State argues this issue has been waived because not included in any post-trial motion. An issue must be included in a post-trial motion to be preserved for review (*People v. Enoch* (1988), 122 Ill. 2d 176, 186, 522 N.E.2d 1124, 1130), but the plain error rule (see 134 Ill. 2d R. 615(a)) permits a reviewing court to consider issues waived for purposes of review in two circumstances: where the evidence is closely balanced, or where the error is so fundamental and of such a magnitude that the accused was denied a fair trial. *People v. Lucas* (1992), 151 Ill. 2d 461, 482, 603 N.E.2d 460, 469.

Cross-examining a defendant about his prior convictions may invoke the plain error rule. In *People v. Cassman* (1973), 10 Ill. App. 3d 301, 293 N.E.2d 710, the defendant did not testify to any convictions on direct examination but did so on cross-examination. Defense counsel neither objected to the cross-examination nor raised the issue in a post-trial motion. The court in *Cassman* noted it is improper to cross-examine a defendant as to prior convictions. The proper way to impeach is with the introduction into evidence of the certified record of convictions; therefore, when the State did question the defendant on cross-examination, it was error of such magnitude as to constitute plain error. (*Cassman*, 10 Ill. App. 3d at 303, 293

N.E.2d at 711, citing *People v. Flynn* (1956), 8 Ill. 2d 116, 120-21, 133 N.E.2d 257, 259, and *People v. Bey* (1969), 42 Ill. 2d 139, 246 N.E.2d 287.) We find plain error in this case. The issue is not waived and we will discuss the merits.

Defense counsel filed a motion *in limine* prior to trial concerning which of defendant's numerous prior convictions would be admissible to impeach him if he chose to testify. The court and the parties identified three convictions appropriately available for such use: a 1983 residential burglary conviction in Jersey County, a 1986 conviction for conspiracy to bring contraband into a penal institution in Johnson County, and a 1990 aggravated assault conviction in Jersey County.

On direct examination, defendant testified on the date of the incident in question he was released from Logan. He did not mention his other convictions, nor did he state for what offense he was incarcerated at Logan.

Defendant's defense involved his assertions he had improperly mixed alcohol and prescription drugs which made him appear intoxicated. He testified the medical personnel who dispensed the Indocin and Tylenol 3 with codeine to him in the prison failed to warn him to refrain from drinking alcohol when taking the medicine. He asserted he was unaware of the synergistic effect of combining alcohol with the medicine because "[i]n a correctional institute you cannot just go buy a beer."

On cross-examination, the prosecutor questioned defendant concerning the medication he claimed to be taking, but quickly got to the subject of prior convictions. The following exchange is pertinent:

"Q. [By the prosecutor:] You indicated that you cannot have beer in prison, right?

A. That's correct.

Q. Unless one brings it in, right?

A. I guess.

Q. Isn't one of the felonies you're charged with bringing contraband into a penal institution?

A. Yes, it is.

DEFENSE COUNSEL: Your Honor, can we approach. I am going to make an objection to that. (An off-the-record discussion was held.)

THE COURT: Ladies and gentlemen of the jury, I have to instruct you to disregard the last question and answer that were made by the State's Attorney and by the defendant in this case. You should disregard that and not give it any weight.

Q. [By the prosecutor:] You've previously been convicted of felonies in the State of Illinois within the last 10 years?

A. Yes.

Q. One was in Johnson County?

A. Yes.

Q. What was that one?

A. Bringing contraband into a penal institution.

Q. Which penal institution was that?

A. Vienna.

Q. You were on parole; is that correct?

DEFENSE COUNSEL: Your Honor again, I am objecting to this question—

THE COURT: Mr. Ringhausen—

DEFENSE COUNSEL: —it is improper.

THE COURT: —let's stick—

THE PROSECUTOR: I understand, Your Honor.

THE COURT: Again, the jury is instructed to disregard that last question by the State's Attorney.

Q. [By the prosecutor:] You've also been charged in Jersey County with an offense; is that accurate?

DEFENSE COUNSEL: I object to the form.

Q. [By the prosecutor:] To a felony within the last 10 years?

A. Yes.

Q. What was that?

A. A burglary in 1983. And aggravated assault in I believe '90.

Q. Was it burglary or residential burglary?

A. Residential, I believe.

Proof of prior convictions for impeachment purposes is provable only by the introduction into evidence on rebuttal of the record of conviction or an authenticated copy. (*Bey*, 42 Ill. 2d at 146-47, 246 N.E.2d at 291; *People v. McCrimmon* (1967), 37 Ill. 2d 40, 45, 224 N.E.2d 822, 825; *People v. Kosearas* (1951), 408 Ill. 179, 180, 96 N.E.2d 539, 540.) However, an exception to the rule exists when the accused opens the door to the cross-examination on his own direct examination. *People v. Nastasio* (1963), 30 Ill. 2d 51, 58, 195 N.E.2d 144, 148; *People v. Johnson* (1990), 206 Ill. App. 3d 318, 322, 564 N.E.2d 232, 235; *People v. Chrisos* (1986), 151 Ill. App. 3d 142, 152, 502 N.E.2d 1158, 1165-66; *People v. Seider* (1981), 98 Ill. App. 3d 175, 181, 423 N.E.2d 1217, 1221-22.

The State argues defendant opened the door on cross-examination by alluding to a conviction for which he was sentenced to Logan and by testifying he had no foreknowledge of the consequences of combining alcohol with his prescription medications because alcohol is not permitted in prisons.

The State's arguments are not persuasive. Defendant testified he was released from Logan on the morning of the incident and he

received his prescriptions there. Obviously, the jury could infer he was convicted of a crime because he was an inmate at Logan. Defendant provided this information to show where he got his prescription and why he was not apprised of the dangers of mixing these particular medications with alcohol. He did not offer testimony on the underlying conviction and, thus, was not trying to minimize its seriousness (see *Johnson*, 206 Ill. App. 3d at 322-23, 564 N.E.2d at 235), or imply he had only one prior conviction. See *Bey*, 42 Ill. 2d at 147, 246 N.E.2d at 292.

At the hearing on the motion *in limine* defense counsel, the prosecutor and the trial court readily agreed on which of defendant's prior convictions were available for impeachment purposes. The prosecutor was aware of defendant's prior convictions and could easily have obtained certified copies of them as two out of three agreed upon were from his own county. Instead of properly introducing the convictions during rebuttal, the prosecutor set about forcing defendant, on cross-examination, to admit his prior convictions and the underlying offenses. This cross-examination continued despite the court's sustaining several objections and twice admonishing the jury to disregard the questions and answers. Further damage was done by the question concerning the conviction for conspiracy to bring contraband into a prison. The sequence of the questions implied the contraband was alcohol but the record does not indicate the identity of the contraband.

The continuing cross-examination of defendant as to his prior convictions was plain error and prejudicial to defendant. It was not invited by the testimony of the defendant and requires reversal.

Defendant also argues he was not proved guilty of DUI beyond a reasonable doubt. His theory is two-pronged. First, he urges the State failed to prove he was under the influence of intoxicating liquor because the evidence presented was not enough to prove he was intoxicated. Next, he argues the State should have charged him with DUI under section 11—501(a)(4) of the Illinois Vehicle Code (Code) (alcohol and any other drug or drugs) (Ill. Rev. Stat. 1991, ch. 95$^1$/$_2$, par. 11—501(a)(4)), rather than under section 11—501(a)(2) of the Code (intoxicating liquor) (Ill. Rev. Stat. 1991, ch. 95$^1$/$_2$, par. 11—501(a)(2)), because the State's proof of his behavior and appearance cannot be successfully separated into that which is caused solely from alcohol and that which is caused by a combination of drugs and alcohol, thus leaving a reasonable doubt as to what caused his actions.

■ Defendant contends he was not found guilty beyond a reasonable doubt of resisting a peace officer as it was charged by the State. Before addressing the merits of either reasonable doubt claim, we

note the State contends defendant has waived the issue as to the charge of resisting a peace officer by not including it in his motion for a new trial. He did, however, include this issue in his motion for judgment *n.o.v.*, which was filed and argued the same day as the motion for a new trial. Failure to prove a material allegation in a charging instrument is an exception to the general rule that issues not included in the motion for a new trial are waived. (*People v. Friesland* (1985), 109 Ill. 2d 369, 374-75, 488 N.E.2d 261, 262-63.) More specifically related to the instant case, the failure to prove a material allegation in a charging instrument beyond a reasonable doubt is fatal error and may be raised for the first time on appeal. (*People v. Walker* (1955), 7 Ill. 2d 158, 160, 130 N.E.2d 182, 183.) Moreover, the rationale for the waiver rule, *i.e.*, to save the delay and expense of an appeal where the motion is meritorious and give the reviewing court the benefit of the judgment and observations of the trial court on the issue presented (see *Friesland*, 109 Ill. 2d at 376, 488 N.E.2d at 263; *People v. Irwin* (1965), 32 Ill. 2d 441, 443-44, 207 N.E.2d 76, 78), has been satisfied where the issue *was raised* and argued to the trial court in another motion. We find the issue has not been waived.

■ As to the merits of defendant's argument he was not proved guilty beyond a reasonable doubt, we have reviewed the record and find the evidence was sufficient to permit the finder of fact to conclude defendant was proved guilty beyond a reasonable doubt of both DUI and resisting a peace officer. (*People v. Collins* (1985), 106 Ill. 2d 237, 261, 478 N.E.2d 267, 277, citing *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789.) Double jeopardy does not bar his retrial, although our holding in no way implies we have made a finding as to defendant's guilt that would be binding on the court on retrial. See *People v. Taylor* (1979), 76 Ill. 2d 289, 309-10, 391 N.E.2d 366, 375.

In light of our resolution of these issues, we need not address defendant's argument that the prosecutor's comments in closing argument deprived him of a fair trial.

The prejudicial cross-examination of defendant as to prior convictions was error. We reverse defendant's convictions and remand for a new trial.

Reversed, and cause remanded.

McCULLOUGH, P.J., and LUND, J., concur.