THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL RAY JOHNSON, Defendant-Appellant.

Fourth District   No. 4—90—0078

Opinion filed December 12, 1990.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

After a jury trial, defendant Michael Ray Johnson was found guilty of burglary (Ill. Rev. Stat. 1989, ch. 38, par. 19—1(a)) and sentenced to seven years' imprisonment. He appeals, contending (1) the circuit court erred in refusing to instruct the jury on theft as an included offense of burglary, (2) the circuit court improperly permitted the prosecutor to cross-examine him as to his prior convictions, and (3) the circuit court should have granted him a new trial because one of the jurors was not a resident of the county where the burglary with which he was charged was committed.

Because defendant does not assert he was not proved guilty beyond a reasonable doubt, only a brief recitation of the evidence is necessary. At about 11 p.m. on August 29, 1989, two Decatur police officers, who were on routine patrol, observed defendant about 10 feet from the front entrance of Peerless Cleaners carrying clothes wrapped in cleaning bags over his shoulder. The officers stopped defendant and determined that the cleaning bags he was carrying had the name and logo of Peerless Cleaners on them. Both the bags and the clothing were clean. Subsequent investigation revealed that the Peerless Cleaners building had been burglarized sometime between 5:30 p.m. on that date and the time of defendant's apprehension, and that the only items missing from the building were the clothes the police officers saw defendant carrying.

Defendant presented the testimony of two female acquaintances in an apparent effort to establish that he was intoxicated at the time of his apprehension. Testifying on his own behalf, defendant stated that as he was walking past the Peerless Cleaners building, he noticed the clothes laying on the ground, that he picked them up, and that he then began to walk toward the home of a niece. He denied burglarizing the Peerless Cleaners building.

## I

■ Defendant first contends the circuit court improperly refused to instruct the jury as to the lesser offense of theft. Defendant's bases for this argument are that the information charging him with burglary also alleged the specific intent to commit theft and the evidence established commission of that offense.

In support of his contention that the jury should have been instructed concerning the offense of theft, defendant relies principally on *People v. Dace* (1984), 104 Ill. 2d 96, 470 N.E.2d 993. In *Dace*, the defendant was charged with residential burglary with intent to commit a theft, and the evidence established that the defendant committed a theft. The supreme court held that under these circumstances, the circuit court erred in refusing to instruct the jury as to the offense of theft.

In *People v. Schmidt* (1988), 126 Ill. 2d 179, 533 N.E.2d 898, however, the supreme court implicitly overruled *Dace*. The *Schmidt* court premised its decision on the fundamental principle that one charged with a single offense cannot be found guilty of an uncharged offense unless it is an included offense of the charged offense. Observing that theft is not an included offense of burglary, the court held that when a defendant is charged only with burglary, there must not be a verdict

regarding a theft offense.

The sole charge against the defendant in the present case was burglary. Thus, under *Schmidt*, it would have been improper for the jury to return a verdict on the offense of theft. It follows that the circuit court did not err in refusing to instruct the jury as to that offense.

## II

At the beginning of his testimony on direct examination, defendant acknowledged three prior theft convictions. With respect to the third theft conviction, defendant stated, "[i]t's—it wasn't where—well, it wasn't where I was actually caught stealing anything. But *** it's theft." During the State's cross-examination of defendant, the following occurred:

"Q. *** Mr. Johnson, you are as your counsel has pointed out a convicted thief; correct?

A. No.

Q. You're not a convicted thief?

A. No. I have theft convictions. I'm not a thief.

Q. Mr. Johnson, is someone who is convicted of theft, is that a thief?

A. I already answered your question once. I already know what you're trying to imply.

Q. So, in 85—CF—404, you were convicted...

[Defense counsel]: Your Honor, I object. He admits that he has these theft convictions.

A. Anyway...

[Defense counsel]: Wait a minute. Object to him going...

THE COURT: Overruled.

Q. You were convicted on October the 29th of 1985 of theft of property with a prior theft conviction, correct?

[Defense counsel]: Your Honor, once again...

A. True.

[Defense counsel]: ...I object to these.

THE COURT: He may answer.

A. True.

Q. So, you were convicted of theft?

A. Yeah. This is '89, what have you got since then?

Q. Since '85, what have I got; well, 88—CF—436, on August the 31st of 1988, you were convicted of theft of property; correct?

A. August the 31st?

Q. Of 1988.

A. Yeah. Yeah, I was.

Q. Okay. So, there is something since 1985; isn't there?

A. Yes, sir.

Q. And, of course, 85—CM—337, on April the 24th of 1985, you were convicted of theft; correct?

A. I don't know about all that. You would get anybody to plead guilty to these charges if you keep them up in jail long enough regardless if they're innocent or guilty.

Q. Your Honor, I'd object to that remark.

THE COURT: Sustained.

Q. I'd ask the jury be instructed to disregard it.

THE COURT: Motion granted."

Defendant asserts the cross-examination as to his prior convictions was improper because (1) a defendant generally may not be cross-examined concerning prior convictions, and (2) the proper method of impeaching a defendant testifying on his own behalf with prior convictions is to introduce into evidence the record of the prior convictions or an authenticated copy thereof. Defendant suggests that this procedure should be followed even when, for tactical reasons, a defendant anticipates the introduction by the prosecution of records of his prior convictions by acknowledging the convictions in his direct testimony. Defendant contends that cross-examination as to prior convictions should be permitted only where a defendant testifies falsely on direct examination concerning his prior convictions.

■ As noted by both defendant and the State, it is generally improper to cross-examine a defendant concerning his prior convictions. The State may impeach the credibility of a defendant who testifies on his own behalf with evidence of prior convictions only by introducing into evidence records of the prior convictions or authenticated copies thereof. (*People v. Flynn* (1956), 8 Ill. 2d 116, 133 N.E.2d 257.) When, however, a defendant testifies on direct examination concerning his prior convictions, the State may cross-examine him as to the convictions. The rationale for this exception to the general rule is that a defendant cannot complain if, on cross-examination, the State pursues a line of questioning which the defendant initiated. *People v. Seider* (1981), 98 Ill. App. 3d 175, 423 N.E.2d 1217.

■ We cannot agree with defendant's contention that the State may cross-examine a defendant as to prior convictions only when the defendant testified falsely concerning prior offenses. Such a holding would prevent the State from cross-examining as to prior-offense testimony which, although not patently false, might have a tendency to

leave the trier of fact with an inaccurate understanding of the prior offenses. In the present case, for instance, one of the defendant's statements on direct examination, at least arguably, was intended to minimize the gravity of one of his prior offenses. In this type of situation, the State should be accorded an opportunity, through cross-examination, to dispel the impression the defendant made concerning the seriousness of his prior offenses.

As defendant points out, the State did not introduce into evidence the records of his prior convictions or authenticated copies thereof. We agree that the better practice is to follow this procedure in order to establish a defendant's prior convictions. (*Flynn*, 8 Ill. 2d 116, 133 N.E.2d 257.) In the present case, however, the defendant informed the jury of all of his prior convictions on direct examination, and therefore, introduction of the records of these convictions or authenticated copies thereof would have been a useless formality. (See generally *People v. Bey* (1969), 42 Ill. 2d 139, 246 N.E.2d 287.) We conclude that no reversible error occurred with respect to the presentation of evidence concerning defendant's prior convictions.

## III

One of the members of the jury which found defendant guilty of burglary was Mayola Phillips. During the jury selection process, no one questioned Phillips concerning her residence.

In support of defendant's motion for a new trial, defendant's trial attorney submitted an affidavit in which he stated he had conversed with juror Phillips, and that she told him (1) she lived in Champaign and had lived there since August 1989, (2) she last voted in Macon County in 1988 and had not changed her voter registration, (3) she is employed and is attending a community college in Champaign, (4) "she moved to Champaign to move out of her parents [*sic*] home in Mt. Zion [in Macon County]," and (5) she "did not tell the election judges of her change of address." In his post-trial motion, defendant contended that the verdict finding him guilty of burglary is void because Phillips was not a Macon County resident at the time of his November 1989 trial. The circuit court rejected this argument for the reasons that (1) students often maintain a "dual residence" and retain their parents' residence as their permanent residence for voting purposes, (2) defendant did not exhaust his peremptory challenges, and (3) there was no showing of prejudice which affected the verdict.

On appeal, defendant contends that Phillips was legally disqualified from serving as a juror at his trial by virtue of both constitutional and statutory provisions. He asserts the prejudice resulting from a le-

gally disqualified individual serving on the jury which found him guilty is self-evident, and that this matter takes on heightened significance because Phillips' serving on the jury violated a provision of the Illinois Constitution. Defendant states that "issues involving the constitutional right to a fair trial by a panel of selected impartial jurors cannot be disposed of by the harmless error rule," and that there is no requirement that peremptory challenges be exhausted where there was error in the manner in which the jurors were selected and qualified. For these reasons, defendant requests reversal of his conviction and remandment for a new trial or, alternatively, remandment for a hearing on Phillips' residency status.

The State contends that not previously having inquired into Phillips' residency status, defendant should be barred from contending subsequent to trial that it was error for Phillips to serve on the jury. The State further maintains Phillips' not being a resident of Macon County could not have impaired her ability to impartially and intelligently perform her duties as a juror, and could not have resulted in any conceivable prejudice to defendant. The State asserts the fact the residency requirement for jurors has a constitutional foundation should not be deemed a basis for automatically granting defendants a new trial in cases such as this. Finally, the State argues that even if the nonresidency of a single juror automatically entitles a defendant to a new trial, there is no evidence that Phillips has severed her ties with Macon County and thus permanently relinquished her status as a resident of that county.

The Illinois Constitution provides:

> "In criminal prosecutions, the accused shall have the right to appear and defend in person and by counsel; to demand the nature and cause of the accusation and have a copy thereof; to meet the witnesses face to face and to have process to compel the attendance of witnesses in his behalf; and to have a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed." (Ill. Const. 1970, art. I, §8.)

Jurors must meet the following statutory qualifications:

> "First—Inhabitants of the town or precinct.
>
> Second—Of the age of 18 years or upwards.
>
> Third—Free from all legal exception, of fair character, of approved integrity, of sound judgment, well informed, and able to understand the English language." (Ill. Rev. Stat. 1989, ch. 78, par. 2.)

Furthermore, jury lists must be compiled from "the latest voter regis-

tration or drivers license holders lists of all the towns or precincts in the county." Ill. Rev. Stat. 1989, ch. 78, par. 1 (eff. Jan. 1, 1981).

■ None of the cases on which defendant relies require that he automatically be granted a new trial because of juror Phillips' possible status as a nonresident of Macon County. In *People ex rel. Wellman v. Washburn* (1951), 410 Ill. 322, 102 N.E.2d 124, no jury trial was involved. In the course of its opinion, the court merely referred to the abstract principle that the constitutional right to a jury trial requires a jury of the county where the charged offense is alleged to have been committed. In *People v. Lembke* (1926), 320 Ill. 553, 151 N.E. 535, and *Buckrice v. People* (1884), 110 Ill. 29, objections to the composition and selection of jury panels were made during or before trial, and it was held that improprieties as to these matters entitled the defendants to reversal of their convictions or reversal and remandment for a new trial. In *People v. Mitchell* (1984), 121 Ill. App. 3d 193, 459 N.E.2d 351, and *People v. Oliver* (1977), 50 Ill. App. 3d 665, 365 N.E.2d 618, new trials were granted on the basis of possible bias or prejudice on the part of a juror. In *Mitchell*, the possible bias or prejudice of a juror was brought to the circuit court's attention before the conclusion of *voir dire*. Finally, the defendant cites *People v. Cole* (1973), 54 Ill. 2d 401, 298 N.E.2d 705, for the proposition that "issues involving the constitutional right to a fair trial by a panel of selected impartial jurors cannot be disposed of by the harmless error rule." The *Cole* court held that the harmless error rule is inapplicable to a contention that the circuit court improperly denied a challenge to a juror for cause. In that case, the challenged juror was thoroughly examined before trial in an effort to discover possible bias, but the supreme court held that the circuit court did not err in rejecting the defendant's challenge to that juror.

In the early case of *Chase v. People* (1866), 40 Ill. 352, the Illinois Supreme Court was confronted with a contention that a conviction should be set aside because one of the members of the jury which found a criminal defendant guilty was an alien. This matter was not brought to the attention of the trial court during the jury selection process. The court stated that *prima facie*, a person such as an alien, who is, by statute, exempt from jury duty, is nevertheless a qualified juror. The court held that in view of the defendant's failure to exercise diligence in discovering the juror's status as a noncitizen and his consequent failure to challenge the juror on that ground, the jury's verdict was not to be disturbed on the basis of the alien's alleged incompetency to serve as a juror.

The *Chase* decision is premised on the supreme court's interpreta-

tion of statutory provisions setting forth the qualifications for jurors; the *Chase* court did not consider the effect of constitutional provisions relating to jury trials. In other jurisdictions, however, courts have held that despite constitutional provisions requiring that juries be composed of residents of the county or district where the offense with which a defendant is charged allegedly occurred, inclusion of a nonresident in a jury panel does not require reversal of a conviction unless actual prejudice is shown. (*Kingsbury v. United States* (D.C. App. 1987), 520 A.2d 686; *State v. Wyss* (1985), 124 Wis. 2d 681, 370 N.W.2d 745.) This is particularly true where the juror's nonresidency could have been discovered before trial and the defendant did not challenge the juror during jury selection. (*Wyss*, 124 Wis. 2d at 719-20, 370 N.W.2d at 763.) These decisions from other jurisdictions are consistent with the general principle which applies in Illinois courts, that constitutional rights, like all other rights, may be waived. (*People v. Lykins* (1979), 77 Ill. 2d 35, 394 N.E.2d 1182.) We therefore conclude that failure to bring the nonresidency of a juror to the attention of the circuit court before trial begins results in waiver of both the defendant's constitutional and statutory rights to be tried by a jury composed of residents of the county in which the offense was committed.

●5 We further conclude that section 114—3(d) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 114—3(d)), upon which defendant relies, does not automatically entitle a defendant to a new trial whenever a nonresident is inadvertently included in a jury panel. Section 114—3(d) provides:

> "If the court finds that the jury panel was improperly selected or drawn the court shall order the jury panel discharged and the selection or drawing of a new panel in the manner provided by law." (Ill. Rev. Stat. 1989, ch. 38, par. 114—3(d).)

In order to be entitled to relief under this section, a defendant must show that irregularities in jury selection prejudiced him or resulted in substantial injustice. *People v. Whitlock* (1988), 174 Ill. App. 3d 749, 528 N.E.2d 1371.

■ In the present case, defendant did not bring Phillips' possible nonresidency to the attention of the circuit court before trial began, although *voir dire* examination of Phillips almost certainly would have revealed that Phillips lived and attended college in Champaign County. Therefore, defendant waived his objections to Phillips' jury service based on her possible nonresidency.

The record contains nothing which would suggest Phillips was in any way biased or that defendant was otherwise prejudiced as a result

of Phillips serving·on the jury. For this reason, Phillips' serving on the jury was not plain error which would entitle defendant to relief despite his waiver of the issue of Phillips' possible ineligibility for jury duty in Macon County. See *People v. Yates* (1983), 98 Ill. 2d 502, 456 N.E.2d 1369; *People v. Hudson* (1985), 137 Ill. App. 3d 606, 484 N.E.2d 1246.

The defendant's burglary conviction is affirmed.

Affirmed.

SPITZ and KNECHT, JJ., concur.