THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GILBERT R. NUCCIO, Defendant-Appellant.

Second District   No. 2—93—0344

Opinion filed June 29, 1994.

Joseph T. Bugos, of Law Offices of Donahue, Sowa & Bugos, of Lisle, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GEIGER delivered the opinion of the court:

The defendant, Gilbert R. Nuccio, appeals from a conviction of domestic battery (Ill. Rev. Stat. 1991, ch. 38, par. 12—3.2(a)(1) (now 720 ILCS 5/12—3.2(a)(1) (West 1992))). He argues that he did not understandingly waive his right to a jury trial in open court and that his conviction is "against the manifest weight of the evidence." We reverse and remand.

The defendant was charged with domestic battery after a September 13, 1992, altercation with Patricia Nuccio. He was convicted in a bench trial February 16, 1993, and was subsequently sentenced to one year of court supervision. He was also ordered to attend a domestic violence program.

■ On appeal, the defendant first asserts that he did not understandingly waive his right to a jury trial in open court. He bases his argument on section 103—6 of the Code of Criminal Procedure of 1963 (Code), which requires that a jury trial be understandingly waived in open court. 725 ILCS 5/103—6 (West 1992).

The defendant notes that although his counsel requested a bench trial November 16, 1992, he was not present in court on that date and that he had previously demanded a jury trial. The only reference to a bench trial, in the defendant's presence, was when the trial court stated that the case was set for bench trial. The prosecutor responded ready and began discussing witness notification letters. Neither the defendant, nor his defense counsel, responded ready or objected to proceeding with the bench trial. The defendant argues that he cannot be held to have acquiesced in his counsel's waiver made outside his presence (see *People v. Clauson* (1989), 182 Ill. App. 3d 268, 274) and that he did not waive the right to a jury trial simply by remaining silent during trial (see *County of McLean v. Kickapoo Creek, Inc.* (1972), 51 Ill. 2d 353, 356).

We agree that the defendant's jury waiver was defective but instead base this determination on section 115—1 of the Code, as amended, effective January 1, 1992. (725 ILCS 5/115—1 (West 1992).) Section 115—1 requires a written waiver of the right to a jury trial. (725 ILCS 5/115—1 (West 1992).) The record on appeal does not contain a written jury waiver executed by the defendant.

Both section 103—6 and section 115—1 address a defendant's right to a jury trial and a defendant's waiver of that right. When both a general statutory provision and a specific statutory provision exist and relate to the same subject, either in the same or in a different act, the specific statutory provision controls and should be applied. (*People v. Villarreal* (1992), 152 Ill. 2d 368, 379.) Here, section 103—6 provides that a defendant will receive a jury trial unless that right is understandingly waived in open court. (725 ILCS 5/103—6 (West 1992).) This is a much more general provision than section 115—1's specific and therefore controlling requirement that a defendant's jury waiver be in writing. Consequently, in order to understandingly waive his right to a jury trial, the defendant was required to execute a written jury waiver. Because the record on appeal does not contain the defendant's written jury waiver, the defendant's jury waiver was defective.

■ The defendant's second argument is that the verdict is "against the manifest weight of the evidence." Under the mandate of *People v. Taylor* (1979), 76 Ill. 2d 289, 309, this court is required to consider the defendant's challenge to the sufficiency of the evidence in order to avoid the risk of subjecting him to double jeopardy.

In raising this argument, the defendant refers to a general, usually civil, standard for reviewing challenges to the sufficiency of the evidence. For all criminal cases, the correct standard for reviewing a challenge to the sufficiency of the evidence is the reasonable doubt test. (*People v. Sanchez* (1990), 206 Ill. App. 3d 90, 108.) The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*People v. Collins* (1985), 106 Ill. 2d 237, 261, *cert. denied* (1985), 474 U.S. 935, 88 L. Ed. 2d 274, 106 S. Ct. 267.) A criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt. *People v. Sanchez*, 206 Ill. App. 3d at 108.

The defendant argues that Mrs. Nuccio's testimony was impeached and that she was evasive, illogical, and hostile while testifying. He points out that his own testimony, as well as the testimony of his witness, Officer Kolodziej, was unimpeached. At trial, Mrs. Nuccio testified that the defendant screamed and swore at her and that he grabbed her arms, threw her up against the wall, and threatened her life several times. The defendant denied touching or threatening Mrs. Nuccio. Officer Kolodziej testified that when he arrived Mrs. Nuccio was the one screaming and yelling. He also testified that he saw Mrs. Nuccio sitting on the defendant's back.

318

Matters of conflict in the testimony as well as questions of the credibility of the witnesses are for the trier of fact to resolve. (*People v. Irby* (1992), 237 Ill. App. 3d 38, 64.) The trial court judge had the opportunity to watch and evaluate the witnesses as they testified. He noted that there was a question of credibility and described Mrs. Nuccio's testimony as having sufficient credibility to find the defendant guilty. Reviewing the evidence in the light most favorable to the prosecution, this verdict is supported by the evidence. This conclusion does not in any way imply that we have made a determination of the defendant's guilt or innocence which would be binding on retrial. (See *People v. Taylor*, 76 Ill. 2d at 310.) We have merely considered the sufficiency of the evidence to remove the risk of subjecting the defendant to double jeopardy. See *People v. Avery* (1989), 180 Ill. App. 3d 146, 157.

For the foregoing reasons, the judgment of the trial court is reversed, and the cause is remanded.

*Reversed and remanded.*

WOODWARD and QUETSCH, JJ., concur.