THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. OTTO C. DANIELS, Defendant-Appellant.

Fourth District    No. 4—94—0133

Opinion filed July 14, 1995.

Daniel D. Yuhas and Arden J. Lang, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Brown, State's Attorney, of Pontiac (Norbert J. Goetten, Robert J. Biderman, and Jeffrey K. Davison, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Following a bench trial conducted in the circuit court of Livingston County, defendant Otto C. Daniels was found guilty of obstructing justice. (Ill. Rev. Stat. 1991, ch. 38, par. 31—4(a).) Defendant was sentenced to an extended term of five years' imprisonment.

On appeal, defendant's issues are (1) whether this cause must be reversed and remanded because a written waiver of jury trial was not executed by defendant or, in the alternative, because the waiver of jury trial in open court was not understandingly made; and (2) whether the sentence should be set aside because the trial court improperly considered an aggravating factor when imposing the extended sentence. We do not consider the issue relating to the sentencing. We reverse because the jury waiver was not in writing.

Section 103—6 of the Code of Criminal Procedure of 1963 (Code) provides:

"Every person accused of an offense shall have the right to a trial by jury unless (i) understandingly waived by defendant in open court or (ii) the offense is an ordinance violation punishable by fine only and the defendant either fails to file a demand for a trial by jury at the time of entering his or her plea of not guilty or fails to pay to the clerk of the circuit court at the time of entering his or her plea of not guilty any jury fee required to be paid to the clerk." (725 ILCS 5/103—6 (West 1992).)

Section 115—1 of the Code states:

"All prosecutions except on a plea of guilty or guilty but mentally ill shall be tried by the court and a jury unless the defendant waives a jury trial in writing." (725 ILCS 5/115—1 (West 1992).)

The statutes are not inconsistent and may be harmoniously construed to require not only that defendant's waiver of a jury trial be understandingly made in open court, but that the understandingly made waiver or right to a jury trial must be evidenced by some written document executed by defendant. *People v. Jennings* (1994), 268 Ill. App. 3d 439, 444-46, 644 N.E.2d 1199, 1203-04; *People v. Nuccio* (1994), 263 Ill. App. 3d 315, 316-17, 636 N.E.2d 1154, 1155-56.

The record in this case does not contain a written jury waiver executed by defendant, and the judgment must be reversed. The State argues this issue is waived because defendant did not file a post-trial motion. We decline to find waiver. (*People v. Smith* (1985), 106 Ill. 2d 327, 333, 478 N.E.2d 357, 360; *Jennings*, 268 Ill. App. 3d at 444, 644 N.E.2d at 1203; *People v. Roberts* (1994), 263 Ill. App. 3d 348, 350, 636 N.E.2d 86, 88.) We also reject the State's separation of powers argument for the reasons discussed in *Jennings* (268 Ill. App. 3d at 445-46, 644 N.E.2d at 1204).

The State also argues that defendant did understandingly waive a right to a jury trial, and that any error in failing to obtain a written waiver of the right to jury trial was harmless error. On April 5, 1993, defendant appeared *pro se*, pleaded not guilty, and requested a trial by jury. On May 6, 1993, an order was entered appointing the public defender. Another order appointing the public defender in this case, and in a number of other cases consolidated with this case in the trial court, was entered on October 8, 1993. The October 8, 1993, order concluded, "This case is set for Bench Trial and Plea on November 18, 1993 (Thur.)[,] at 11:00 A.M." This order was signed by the judge and by the defendant. No report of proceedings, bystander report, or agreed statement of facts relating to the court proceedings

on October 8, 1993, is included in the record. On November 18, 1993, prior to the onset of the bench trial, the record shows the following:

> "THE COURT: Previously, Mr. Daniels, your attorney indicated that you wanted to waive your right to a jury trial and consent to a bench trial. And these are the other cases we will deal with later. The felony offense, you could be sentenced to from three years up to six years in prison upon conviction. Do you understand?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Is that what you wish to do, waive your right to a jury trial and have a bench trial?
>
> THE DEFENDANT: Yes.
>
> THE COURT: All right."

The jury trial waiver must not only be understandingly made, but it must also be in writing. The signing of the October 8, 1993, order by defendant does not satisfy this requirement because (1) there is no indication in the record that defendant then understood what the term "bench trial" means, (2) the order does not refer to or employ the term "jury trial," and (3) no written jury waiver was executed by defendant contemporaneous with the November 18, 1993, admonition by the trial judge. Therefore, the requirements of section 115—1 of the Code were not satisfied in this case. *Jennings*, 268 Ill. App. 3d at 444-46, 644 N.E.2d at 1203-04; *Nuccio*, 263 Ill. App. 3d at 316-17, 636 N.E.2d at 1155-56.

■ The State argues the error is harmless. The cases cited by the State are unpersuasive. Denying defendant the right to a trial by jury, a right fundamental to the criminal justice system, is not harmless error.

Finally, we have reviewed the evidence at trial and find it was sufficient for a trier of fact to conclude that defendant was guilty beyond a reasonable doubt. We are not making a finding as to defendant's guilt or innocence, but rather our consideration of the sufficiency of the evidence admitted at trial will remove the risk of subjecting defendant to double jeopardy. See *People v. Taylor* (1979), 76 Ill. 2d 289, 309-10, 391 N.E.2d 366, 375; *People v. Pruitt* (1988), 165 Ill. App. 3d 947, 954, 520 N.E.2d 867, 872.

The judgment of the circuit court of Livingston County is reversed, and the cause is remanded for a new trial.

Reversed and remanded.

GREEN and LUND, JJ., concur.