THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DERRICK POTTS, Defendant-Appellant.

Third District   No. 3—94—0781

Opinion filed January 12, 1996.

McCUSKEY, J., specially concurring.

568

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, for appellant.

Clarke Erickson, State's Attorney, of Kankakee (John X. Breslin and J. Paul Hoffmann, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

The trial court found defendant Derrick Potts guilty of possession of explosive or incendiary devices (720 ILCS 5/20—2 (West 1994)) and sentenced him to a six-year term of imprisonment. On appeal, defendant argues that his conviction must be reversed and the cause remanded because he did not make a written waiver of jury trial. The State responds that defendant waived this issue, a written jury waiver was not required, the statute requiring written waivers is unconstitutional, and any error was harmless.

The right to a jury trial is a substantial right, the waiver of which this court will consider even when the issue is not properly preserved for appeal. (*People v. Jennings* (1994), 268 Ill. App. 3d 439, 644 N.E.2d 1199; see also *People v. Daniels* (1995), 273 Ill. App. 3d 645, 653 N.E.2d 408.) Section 115—1 of the Code of Criminal Procedure of 1963 provides that all criminal trials shall be tried before a jury unless the defendant waives a jury trial in writing. (725 ILCS 5/115—1 (West 1994).) The statute is mandatory. (*People v. Nuccio* (1994), 263 Ill. App. 3d 315, 636 N.E.2d 1154.) The statute insures that a defendant's personal right to waive a jury trial is not lightly relinquished, and it is not unconstitutional. (*Jennings*, 268 Ill. App. 3d 439, 644 N.E.2d 1199.) For these reasons, we reject the State's arguments. We reverse defendant's conviction, and we remand the cause for a new trial.

Reversed and remanded.

LYTTON, J., concurs.

JUSTICE McCUSKEY, specially concurring:

I concur because I recognize that *Jennings*, a decision of this court, is directly on point. Accordingly, I feel bound by *stare decisis*. However, I write separately because I believe *Jennings* was incorrectly decided and will result in unnecessary retrials.

It is very important to recognize that the defendant in this case

freely, voluntarily and knowingly waived his right to a jury trial in open court. No one disputes the trial court's finding on this issue. The *only* trial error claimed in this appeal is that the defendant did not additionally sign a document waiving his right to a jury trial. Otherwise, there is no dispute that the defendant has received a fair trial in every respect. Moreover, the defendant does not contend that he was prejudiced by his failure to sign a written document waiving his right to a jury trial. Nevertheless, *Jennings* requires us to grant the defendant a new trial.

My first reason for opposing a remand in this case is because the defendant has waived review of the issue regarding a written jury waiver. Under *People v. Enoch* (1988), 122 Ill. 2d 176, 186-87, 522 N.E.2d 1124, 1130, an issue is not preserved for review unless the error was raised by both an objection at trial and a post-trial motion. In the instant case, as in *Jennings*, no objection was made at trial; and the issue was not raised in the post-trial motion. The *Jennings* court rejected the State's waiver argument, stating that "[t]he right to a jury trial is a substantial right, and issues regarding the waiver of that right should be considered even when not properly preserved." *Jennings*, 268 Ill. App. 3d at 444, 644 N.E.2d at 1203; see also *People v. Daniels* (1995), 273 Ill. App. 3d 645, 646, 653 N.E.2d 408, 409-10.

However, statutory requirements concerning the right to a jury trial have been waived when not raised in the trial court. In *People v. Johnson* (1990), 206 Ill. App. 3d 318, 564 N.E.2d 232, the defendant was convicted of burglary following a jury trial in Macon County. On appeal, the defendant argued that his conviction should be reversed because one of the jurors, Phillips, was not a resident of the county. The defendant argued that Phillips was not qualified to be a juror according to the express requirements of sections 1 and 2 of the Jury Act (705 ILCS 305/1, 2 (West 1992)). The court found the defendant waived his objection to Phillips' jury service by failing to raise it during trial. *Johnson*, 206 Ill. App. 3d at 326, 564 N.E.2d at 237-38.

Also, I do not believe that a substantial right accruing to the defendant was involved in *Jennings*, nor is it involved here. The defendant in each case freely and voluntarily waived his right to a jury trial in open court. (*Cf. People v. Watson* (1993), 246 Ill. App. 3d 548, 616 N.E.2d 649.) In my opinion, a defendant does not have a "substantial right" to sign a document waiving his right to a trial by jury *after* he has knowingly and intelligently waived that right in open court. See *People v. Sandham* (1995), 276 Ill. App. 3d 86, 93-94 (Steigmann, J., specially concurring).

A brief review of the history of section 115—1 of the Code of Criminal Procedure of 1963 (Code) further supports my reasoning.

The version of section 115—1 relied on in *Jennings* was enacted in 1991.

However, the requirement that a criminal defendant's jury waiver be in writing was actually added to section 115—1 in 1986 by Public Act 84—1428 (Pub. Act 84—1428, eff. July 1, 1987). At the same time, the statute was also amended to provide that the State had to waive a jury trial in writing in felony narcotics cases. (Ill. Rev. Stat. 1987, ch. 38, par. 115—1.) The legislative history of section 115—1 does not provide *any* information regarding the intent of the legislature when it added the requirement that a defendant must waive a jury trial in writing. The discussion during the debates was focused on the right of the State to demand a jury trial. Various legislators consistently referred to the amendment as a "law and order" bill and a bill for the "State's right to a jury trial." When defendant's rights were discussed, concern was expressed that the amendment would take away rights from defendants. See 84th Ill. Gen. Assem., House Proceedings, June 23, 1986, at 117-18 (statements of Representative Johnson); 84th Ill. Gen. Assem., House Proceedings, July 1, 1986, at 187 (statements of Representative Dunn).

In *People ex rel. Daley v. Joyce* (1988), 126 Ill. 2d 209, 533 N.E.2d 873, our supreme court declared section 115—1, as amended, unconstitutional. The court found that, under Illinois' constitution, the legislature could not deprive a defendant of any part of the constitutional right to a jury trial, including the right to waive it. (*Joyce*, 126 Ill. 2d at 222, 533 N.E.2d at 879.) The current version of section 115—1 was then enacted for the stated purpose of conforming the language to the supreme court's decision in *Joyce*. This version took out the portion of section 115—1 that gave the State the right to insist upon a jury trial in certain cases but left in the requirement that a defendant's waiver must be in writing.

Nothing in the legislative history of the amendments to section 115—1 indicates an intention to provide defendants with any additional, substantive rights. As a result, there is simply *no* basis for this court's conclusion in *Jennings* that section 115—1 requires a new trial in every case where there is no written jury waiver.

Furthermore, in my opinion, a criminal conviction should not be reversed when there is no showing of any prejudice to the defendant. When no prejudice has been shown, the error must be considered harmless. (See *People v. Burnett* (1993), 239 Ill. App. 3d 582, 587, 607 N.E.2d 317, 320 (failure to comply with the requirements of section 115—10 of the Code before allowing hearsay testimony to be admitted at trial was not reversible error where defendant was adequately

informed of the nature of the testimony prior to trial); *People v. Bennett* (1987), 159 Ill. App. 3d 172, 184, 511 N.E.2d 1340, 1348 (failure to follow requirements of section 104—15(a) of the Code harmless error); but *cf. People v. Mitchell* (1993), 155 Ill. 2d 344, 353-54, 614 N.E.2d 1213, 1216-17 (failure to follow requirements of section 115—10 of the Code reversible error where the record did not establish the reliability of the hearsay statements and the testimony regarding the statements was highly prejudicial to the defendant).) Here, as in *Sandham*, the failure to obtain a written waiver was harmless error. *Sandham*, 276 Ill. App. 3d at 89.

Finally, if *Jennings* is followed, retrials will be required in countless cases where the defendant has already received a fair trial. Also, *Jennings* will require the taxpayers to bear the additional costs of these unnecessary retrials. Moreover, prosecutors will face the added burden of retrying a defendant many years after the crime has occurred and at a time when witnesses may be dead or no longer available.

I believe that common sense has been ignored by our court's decision in *Jennings*. *Jennings* gives defendants an unnecessary second trial even in cases where the defendant has shown no prejudice and has already received a fair trial. The law is well settled that a defendant is entitled to a fair trial, not a perfect trial. *Ross v. Oklahoma* (1988), 487 U.S. 81, 91, 101 L. Ed. 2d 80, 92, 108 S. Ct. 2273, 2280; *People v. Goosens* (1994), 262 Ill. App. 3d 722, 729, 640 N.E.2d 284, 289.

For the reasons indicated, I strongly believe that a new trial is not warranted in this case. However, this court's decision in *Jennings* and *stare decisis* require my concurrence.