THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DANIEL ASSELBORN, Defendant-Appellant.

First District (2nd Division)   No. 1—94—2961

Opinion filed March 26, 1996.

Gardiner, Koch & Hines, of Chicago (Thomas G. Gardiner, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Janet Powers Doyle, Assistant State's Attorneys, of counsel), for the People.

JUSTICE SCARIANO delivered the opinion of the court:

Following a bench trial, defendant Daniel Asselborn was found guilty of arson (720 ILCS 5/20—1 (West 1992)) and was sentenced to 30 months of probation. Defendant contends on appeal that he is entitled to a new trial because he did not waive his right to a jury trial in writing as required by section 115—1 of the Code of Criminal Procedure (Code) (725 ILCS 5/115—1 (West 1992). Section 115—1 of the Code states that "[a]ll prosecutions *** shall be tried by the court and a jury unless the defendant waives a jury trial in writing." 725 ILCS 5/115—1 (West 1992).

Defendant cites *People v. Jennings*, 268 Ill. App. 3d 439, 644 N.E.2d 1199 (1994), and *People v. Nuccio*, 263 Ill. App. 3d 315, 636 N.E.2d 1154 (1994), in support of his contention. The State maintains that defendant has waived this issue by failing to raise it in his post-trial motion and, further, that any error in failing to obtain a written jury waiver was harmless error because defendant had know-

ingly, intelligently and voluntarily waived his right to a jury trial in open court. In his reply brief, defendant cites *People v. Daniels*, 273 Ill. App. 3d 645, 646-47, 653 N.E.2d 408 (1995), as additional authority in support of his appeal. Finally, defendant raises the argument that even if this issue was not properly preserved, the right to a jury trial is a substantial right and issues regarding the waiver of that right should be considered even when not properly preserved.

The second and third districts have held that if the record in the case does not contain a written jury waiver, the judgment must be reversed. *People v. Jennings*, 268 Ill. App. 3d 439, 444-46, 644 N.E.2d 1199 (3d Dist. 1994); *People v. Nuccio*, 263 Ill. App. 3d 315, 316-17, 636 N.E.2d 1154 (2d Dist. 1994). In fact, *Jennings* reversed the defendant's conviction for failure to comply with section 115—1 of the Code even though the appellate court found it to be clear in that case that the defendant had knowingly waived his right to a jury.

The fourth district in *People v. Daniels*, 273 Ill. App. 3d 645, 646-47, 653 N.E.2d 408 (1995), reversed the defendant's conviction because the record did not contain a written jury waiver and because there was no indication in the record that the defendant understood what the term "bench trial" meant when he signed an order setting the case for a bench trial. However, in *People v. Sandham*, 276 Ill. App. 3d 86, 657 N.E.2d 719 (1995) (Steigmann, J., specially concurring), *leave to appeal allowed*, 165 Ill. 2d 562 (1996), the appellate court found the absence of a written jury waiver to be harmless error because under the totality of the circumstances, defendant made a knowing, intelligent and voluntary oral waiver of his right to a jury trial in open court. The *Sandham* court found *Daniels* to be distinguishable because in *Daniels* the record did not show that defendant understood the term "bench trial" when he signed the order, and defendant also raised the issue on appeal of whether he had made a knowing, intelligent and voluntary jury waiver. The *Sandham* court concluded that the *Daniels* decision was based not only on the absence of a written jury waiver, but on a determination that the defendant's waiver to a jury trial in open court was not knowingly, intelligently and voluntarily made.

The third district has recently reaffirmed its holding that the absence of a written jury waiver automatically entitles defendant to a reversal of his conviction and a new trial. *People v. Potts*, 277 Ill. App. 3d 567 (1996). However, Justice McCuskey wrote in a specially concurring opinion that he concurred because he felt bound by *stare decisis*, but he believed that *Jennings* was incorrectly decided and would result in unnecessary retrials. Justice McCuskey pointed out that the defendant in *Potts* freely, voluntarily and knowingly waived

his right to a jury trial in open court, and therefore the only trial error alleged on appeal was that defendant did not execute a written jury waiver. Moreover, defendant did not contend that he was prejudiced by the failure to sign a written jury waiver. Justice McCuskey opposed a remand because defendant had not objected at trial or raised the issue in a post-trial motion, and statutory requirements concerning the right to a jury trial have been waived when not raised in the trial court. 277 Ill. App. 3d at 569 (McCuskey, J., specially concurring). Justice McCuskey also believed that a defendant does not have a "substantial right" to sign a document waiving his right to a trial by jury after he has knowingly and intelligently waived that right in open court. 277 Ill. App. 3d at 569 (McCuskey, J., specially concurring). Justice McCuskey concluded that in *Potts*, as in *Sandham*, the failure to obtain a written jury waiver was harmless error.

In the present case, the following colloquy transpired:

"THE COURT: Have a seat. Jury waiver. Bench or jury?

MR. LEVIN [Defense Counsel]: It will be a bench your Honor."

We find Justice Steigmann's concurring opinion in *Sandham* to be persuasive and helpful to us in our determination of the case at bar. Justice Steigmann stated that *Daniels* should not be read "as standing for the proposition that the failure of a trial court to obtain a written jury waiver constitutes automatic reversible error of a conviction obtained at a bench trial." *Sandham*, 276 Ill. App. 3d at 93. Justice Steigmann reasoned that section 115—1 of the Code deals with "a *statutory* right, not a *constitutional* one" (emphasis in original) (*Sandham*, 276 Ill. App. 3d at 94) and therefore, "a trial court's failure to enforce the defendant's statutory right (by ensuring that he sign a jury waiver) [should not] constitute *automatic* plain error under Supreme Court Rule 615(a)," as "[s]uch a holding would not comport with [*People v.*] *Enoch*, [122 Ill. 2d 176, 189, 522 N.E.2d 1124 (1988),] which held that under [Supreme Court] Rule 615(a) [(134 Ill. 2d R. 615(a))], 'any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.' [Citation.]" (Emphasis in original.) *Sandham*, 276 Ill. App. 3d at 94. Justice Steigmann concluded that this court addressed "a prophylactic *statutory* rule" in *Daniels* and *Sandham*, and the majority opinion in *Sandham* now constitutes a rejection of *Nuccio* and *Jennings*. (Emphasis in original.) *Sandham*, 276 Ill. App. 3d at 94.

In the case at bar, the colloquy between defense counsel and the trial court occurred prior to the onset of opening statements by counsel. Defendant was present during the colloquy and failed to object. A defendant who permits his counsel in his presence and without objection to waive his right to a jury trial is deemed to have

acquiesced in, and is bound by, his counsel's actions. *People v. Sailor*, 43 Ill. 2d 256, 260, 253 N.E.2d 397 (1969); *People v. Murrell*, 60 Ill. 2d 287, 290, 326 N.E.2d 762 (1975); *People v. Frey*, 103 Ill. 2d 327, 332, 469 N.E.2d 195 (1984). We conclude that defendant knowingly, understandingly and voluntarily waived his constitutional right to a jury trial in open court.

We also agree with Justice Steigmann's concurring opinion in *Sandham* that section 115—1 of the Code deals with a statutory right. Therefore, the failure of the trial court to obtain a written jury waiver does not entitle defendant to an automatic reversal of his conviction when his constitutional right to a jury has been properly waived. Applying the legal principles set forth in Justice Steigmann's concurring opinion, we conclude that the failure to obtain a written jury waiver in this case was harmless error.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

DiVITO and BURKE, JJ., concur.