THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TYREESE TOOLES, Defendant-Appellant.

Third District    No. 3—94—0627

Opinion filed April 1, 1996.

McCUSKEY, J., specially concurring.
HOLDRIDGE, J., dissenting in part and concurring in part.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Clarke Erickson, State's Attorney, of Kankakee (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LYTTON delivered the opinion of the court:

Following a bench trial, defendant Tyreese Tooles was convicted of criminal sexual assault and sentenced to a term of 48 months' incarceration in the Department of Corrections. Defendant filed this appeal, claiming that the absence of a written jury waiver requires a reversal of his conviction. We reverse and remand for further proceedings.

## I. FACTS

Tyreese Tooles was charged by indictment with two counts of criminal sexual assault and one count of aggravated criminal sexual assault. Defendant pleaded not guilty and demanded a jury trial. Tooles then orally waived his right to a jury trial, but no written waiver was executed.

At defendant's bench trial, Rosalind Johnson testified that she was staying at her cousin's apartment when two men came to the door and demanded to be let in. Johnson testified that one of the men, defendant Tyreese Tooles, forced her to undress and engage in oral and vaginal sex. The other man, later identified as Terry Carr, then forced Johnson to engage in intercourse. At the time of this incident, Johnson was 15 years old.

Johnson's cousin, Mary Dunbar, testified that when she arrived at her apartment, Rosalind Johnson was crying and said that she had been raped. Dunbar said that the defendant, who was still naked, said that Johnson "wanted it."

Terry Carr testified that Johnson had consented to the sexual acts. On cross-examination, however, Carr admitted that he had already pleaded guilty to the sexual assault and acknowledged that Tooles had forced Johnson into the bedroom and threatened to kill her if she said anything. Carr claimed that he lied when he made this statement under oath.

Defendant Tyreese Tooles testified on his own behalf and claimed that Rosalind Johnson consented to the events.

The trial judge found the defendant guilty of aggravated criminal sexual assault and one count of criminal sexual assault, and not guilty on the other count of criminal sexual assault. Judgment was entered only on the criminal sexual assault conviction, and the defendant was sentenced to a 48-month term of incarceration. Defendant then filed this appeal.

## II. ANALYSIS

■ Defendant asserts that his conviction and sentence must be reversed because the case proceeded to bench trial without the filing of a written jury waiver. In support of his position, the defendant cites section 115—1 of the Code of Criminal Procedure of 1963,

"All prosecutions except on a plea of guilty or guilty but mentally ill shall be tried by the court and a jury unless the defendant waives a jury trial in writing." 725 ILCS 5/115—1 (West 1992).

The State raises four contentions in response: (1) the defendant waived this issue by failing to raise it in the trial court; (2) section 115—1 is unconstitutional because it constitutes a legislative impingement upon the judiciary; (3) even if the defendant did not provide a written waiver, the defendant satisfied an "alternative" method of waiving a jury by doing so orally in open court, pursuant to section 103—6 of the Code of Criminal Procedure of 1963 (725 ILCS 5/103—6 (West 1992)); and (4) any error in failing to obtain a written waiver constituted harmless error.

Section 115—1 has been the subject of several recent appellate decisions. In *People v. Nuccio*, 263 Ill. App. 3d 315, 636 N.E.2d 1154 (1994), *People v. Jennings*, 268 Ill. App. 3d 439, 644 N.E.2d 1199 (1994), and *People v. Daniels*, 273 Ill. App. 3d 645, 653 N.E.2d 408 (1995), the appellate court found that the failure to obtain a written jury waiver constituted reversible error. In *Nuccio*, the court held that section 115—1 was more specific than section 103—6 and, therefore, section 115—1 must be followed. In *Jennings* and *Daniels*, the court rejected the State's argument that the issue was waived. In *Jennings*, this court held that section 115—1 does not violate the principles of separation of powers:

"Section 115—1 merely insures that a defendant will not relinquish his right to a jury trial without signing a written waiver. [Citation.] Therefore, the purpose of section 115—1 is to effectuate the constitutional right to a jury trial. *** [W]e find no inherent power in the judiciary to override a legislative determination of the method of waiving the right to a jury trial. We further find that, although certain supreme court rules govern a defendant's waiver of rights [citations], no rule directly conflicts with the written jury waiver requirement of section 115—1. We therefore conclude that section 115—1 does not violate the separation of powers clause of the Illinois Constitution." *Jennings*, 268 Ill. App. 3d at 445-46, 644 N.E.2d at 1204.

In *Daniels*, the court also rejected the State's harmless error argument:

"Denying defendant the right to a trial by jury, a right fundamental to the criminal justice system, is not harmless error." *Daniels*, 273 Ill. App. 3d at 647, 653 N.E.2d at 410.

But see *People v. Sandham*, 276 Ill. App. 3d 86, 657 N.E.2d 719 (1995), where the Fourth District Appellate Court declined to follow *Nuccio* and *Jennings* and attempted to distinguish *Daniels*.

■ As our supreme court recently stated in *Chicago Bar Association v. Illinois State Board of Elections*, 161 Ill. 2d 502, 510, 641 N.E.2d 525, 529 (1994):

> "The doctrine of *stare decisis* is the means by which courts ensure that the law will not merely change erratically, but will develop in a principled and intelligible fashion. *Stare decisis* permits society to presume that fundamental principles are established in the law rather than in the proclivities of individuals. The doctrine thereby contributes to the integrity of our constitutional system of government both in appearance and in fact. *Stare decisis* is not an inexorable command. However, a court will detour from the straight path of *stare decisis* only for articulable reasons, and only when the court must bring its decisions into agreement with experience and newly ascertained facts."

Considerations of *stare decisis* weigh heavily in the area of statutory construction, where the legislature is free to change the court's interpretations of its legislation. *McClintock v. Bi-State Development Agency*, 228 Ill. App. 3d 382, 385, 591 N.E.2d 967, 970 (1992).

Our supreme court declined the State's requests to review the holdings in *Jennings* (*appeal denied*, 161 Ill. 2d 533, 649 N.E.2d 421 (1995)), *Daniels* (*appeal denied*, 163 Ill. 2d 569 (1995)), and numerous Rule 23 orders following *Jennings*; yet, the legislature did not amend section 115—1. We are unaware of any newly ascertained facts that would lead us to deviate from established precedent. Applying the principles enunciated in *Nuccio*, *Jennings* and *Daniels*, we hold that the defendant's conviction and sentence must be reversed.

■ The issues presented in this case apply to a small, shrinking number of cases. *Jennings* effectively ended the practice of accepting oral jury waivers in the circuit courts of this district. From the time that section 115—1 became effective until the filing of our decision in *Jennings*, the circuit courts accepted oral jury waivers that culminated in 16 appeals to our court. With the filing of this opinion and three other orders filed pursuant to Supreme Court Rule 23 (134 Ill. 2d R. 23), we approach the end of these matters. By consistently holding that only written jury waivers are valid, we have fulfilled the legislative mandate found in section 115—1.

Although it is necessary to reverse the defendant's conviction, after reviewing the evidence in the light most favorable to the prosecution (*Jennings*, 268 Ill. App. 3d at 448, 644 N.E.2d at 1205), we conclude that the State has presented sufficient evidence to permit the defendant to be retried.

## III. CONCLUSION

The judgment of the circuit court of Kankakee County is reversed, and this cause is remanded for further proceedings.

Reversed and remanded.

JUSTICE McCUSKEY, specially concurring:

I concur because I recognize that *Jennings*, a decision of this court, is directly on point. Accordingly, I feel bound by *stare decisis*. However, I write separately because I believe *Jennings* was incorrectly decided and will result in unnecessary retrials.

In this case, it is not necessary for me to explain the flaws of *Jennings*. I have already written extensively on the matter in *People v. Potts*, 277 Ill. App. 3d 567, 568-71 (1996). Further discussion would be redundant.

PRESIDING JUSTICE HOLDRIDGE, dissenting in part and specially concurring in part:

I respectfully dissent from the majority's reversal of the defendant's conviction. I would find that any error the trial court may have made in not securing a written jury waiver was harmless beyond a reasonable doubt. While I agree with the majority that under the doctrine of *stare decisis* this court is bound to follow the *Jennings* decision, I disagree with its conclusion that *Jennings* prevents us from finding harmless error. The *Jennings* court never ruled on whether the failure to secure a written jury waiver constituted harmless error. We are free therefore to consider the question of harmless error in this matter without doing a disservice to the doctrine of *stare decisis*.

I also believe that *Jennings* was incorrectly decided. Were it not for this court's holding in *Jennings*, I would hold that section 115—1 of the Code of Criminal Procedure of 1963 (Code) is an unconstitutional infringement by the legislature on the powers of the judiciary. A trial judge's responsibility for insuring that a defendant has understandingly waived his or her right to a jury trial is no different from the responsibility to insure that witnesses understandingly swear or affirm to testify truthfully before the court. I suspect that were the legislature to enact a statute requiring a witness to sign a written oath of truth prior to testifying in court, that statute would easily be dismissed as an unconstitutional infringement on the power of the court to administer justice. I am at a loss to explain how section 115—1 of the Code is any less of an undue infringement on the inherent power of the judiciary.

Turning to the matter *sub judice*, I do not believe that the failure to follow the statutory requirement of a written jury waiver establishes *per se* a constitutional violation. But even if the trial court's failure to secure a written jury waiver rises to the level of a violation of the defendant's constitutional right to a trial by jury, I would find nonetheless that the trial court's error was harmless beyond a reasonable doubt. *People v. James*, 153 Ill. App. 3d 131, 135 (1987) ("[a] reversal on constitutional grounds is not warranted if it can be determined beyond a reasonable doubt that the error was harmless").

It is well settled that "even a constitutional error may constitute harmless error, and in the setting of a particular case, the constitutional error may not require the reversal of a conviction." *People v. Hansen*, 90 Ill. App. 3d 407, 408 (1980). "There are some errors affecting constitutional rights which in the setting of a particular case are so unimportant and insignificant that they may be deemed harmless and not requiring automatic reversal of the conviction." *People v. Poliszczuk*, 151 Ill. App. 3d 578, 588 (1987).

The matter *sub judice*, in my opinion, presents just such an unimportant and insignificant error. It is an uncontroverted and undisputed fact that the defendant knowingly and understandingly waived his right to a jury trial. The record clearly establishes that the trial court took reasonable steps to question the defendant to insure that he understood the significance of his waiver. On appeal, the defendant has pointed out no prejudice resulting from the trial court's failure to secure written evidence of his waiver and I can discern no prejudice from the record.

Several cases have been cited to this court where the conviction has been overturned on appeal simply because the trial court failed to secure written evidence of the defendant's waiver. I believe, however, that common sense has been ignored in reaching this result without any discussion of harmless error. A defendant, who cannot dispute the fact that he has already received a fair trial, will be allowed to put the young victim of a sexual assault and the prosecution to a trial more burdensome than the first. Decisions such as this one, I fear, represent the ultimate elevation of form over substance and help to bring about the current disrespect for the legal system that seems to be rampant today. Should thoughtful citizens and commentators choose to wring their hands and shake their heads after hearing of this court's decision, their criticisms would be well taken. I would affirm the trial court.

I concur with the holding of the majority that the People presented sufficient evidence to support the conviction beyond a reasonable doubt such that retrial will not subject the defendant to double jeopardy.